Filed 10/2/15  Alonzo v. The Branding Iron Restaurant CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GREG ALONZO,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>THE BRANDING IRON RESTAURANT,<br><br>    Defendant and Respondent. | F068983<br><br>(Super. Ct. No. CV000966)<br><br>**OPINION** |

-ooOoo-

APPEAL from orders of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Arata, Swingle, Sodhi & Van Egmond, Bradley J. Swingle, Dawn L. Cullum and Ameet S. Birring for Plaintiff and Appellant.

Law Offices of John A. Biard, Shawn C. Moore and Steven R. Myers for Defendant and Respondent.

-ooOoo-

While at The Branding Iron Restaurant (Branding Iron), appellant Greg Alonzo, punched another Branding Iron customer. Two Branding Iron employees intervened to break up the fight. During the melee, appellant was injured.

Appellant sued the Branding Iron for personal injuries. Although the jury found the Branding Iron negligent, it also found that this negligence was not a substantial factor in causing appellant's injuries. Appellant moved for judgment notwithstanding the verdict and a new trial. The trial court denied both motions.

Appellant argues that the medical expert testimony mandates a verdict in his favor. According to appellant, this testimony conclusively established that appellant's injuries were the result of the Branding Iron employees' action because appellant was truthful and his injuries could only have occurred one way. However, there was considerable disparity in the testimony of the eyewitnesses. Further, there was evidence that supports the jury's causation finding. Thus, the trial court's ruling is supported by substantial evidence and will be affirmed.

## BACKGROUND

Appellant and his wife, Misty Alonzo, attended a pre-reunion party for Misty's[1] high school reunion at the Branding Iron. The Branding Iron was not booked for this party. Rather, some of the reunion attendees informally gathered there.

By late evening, the Branding Iron had two employees on duty, bartenders Jason Bakken and Shea Morgan. Neither employee had received training in preventing or stopping fights.

At around 11:00 p.m., approximately 150 patrons were at the Branding Iron. It was very busy and the Branding Iron was understaffed.

---

[1] First names are used for clarity.

2.

As appellant and Misty were leaving the Branding Iron at approximately 11:30 p.m., Angela Parker approached Misty and shoved her. Angela Parker's husband, Seth Parker, grabbed Misty by the arm. Appellant then punched Seth.

Appellant testified that, after he punched Seth, he was tackled from behind by Jason Bakken, one of the two Branding Iron bartenders. Appellant claimed that he dropped to his knees and immediately felt discomfort in his right knee. Appellant further stated that, while he was down, bartender Shea Morgan kicked him on his right side and inside his legs. Appellant was not resisting. According to appellant, while he was still on the ground, Morgan grabbed his arm and pulled it back. Appellant testified that he felt an instant numbness in the right side of his chest. Appellant stated that, after he got up, he was unable to stand on his right leg and could not move his arm. Misty similarly testified that Morgan punched and kicked appellant. Misty noticed that appellant struggled to get up and had difficulty walking.

Bakken's and Morgan's recollection of their participation in the incident differed from appellant's rendition. Although Bakken admitted to attempting to grab appellant and falling, both Bakken and Morgan testified that they did not strike or kick appellant. Rather, Morgan stated that Seth was on Bakken's back and was trying to hit appellant. Morgan was trying to pull Seth off of Bakken. Bakken denied pulling on appellant's arm and, while Morgan did not believe he pulled on appellant's arm, he admitted that it was possible during the scuffle.

Deanna Souza, a reunion participant, witnessed the fight. She testified that after appellant hit Seth both of them fell to the floor, either hitting a table or knocking it over, and breaking glasses. Morgan corroborated this part of Souza's testimony. Morgan testified that he became aware of the fight when he heard tables being knocked over and glasses breaking. Souza then noticed one of the bartenders trying to separate appellant and Seth. Eventually all four, i.e., appellant, Seth and both bartenders, were flailing around on the floor. According to Souza, the Branding Iron bartenders were simply

3.

trying to break up the fight. Souza also saw a third person come in and pull appellant up off the floor by his arm.

Dr. Michael Klein, Jr. was the only medical expert to testify. He had conducted a defense medical examination of appellant. During this examination, Dr. Klein surmised that appellant was being truthful and straightforward. Dr. Klein testified that he had no reason to believe that appellant lied to him about either how the incident occurred or his injuries.

Regarding appellant's shoulder injury, Dr. Klein testified that appellant suffered an acute rupture of the pectoralis major muscle at the musculotendonis junction, i.e., the muscle and tendon pulled apart. This type of injury requires a specific kind of force, a pulling of the arm away from the body while the arm is resisting. Dr. Klein testified that this injury is consistent with the incident as described by appellant. However, Dr. Klein also agreed that there are at least two other possible ways in which appellant could have been injured in this manner. The acute muscle rupture could have been caused by appellant either striking a table while falling down or being lifted from the ground by his arm.

Dr. Klein testified that appellant's knee injury was consistent with his claim that a Branding Iron employee had kicked him on the right knee. This type of injury occurs when a foot is planted and some type of pressure is applied to the outside of the knee.

The jury returned a defense verdict on appellant's underlying personal injury complaint against the Branding Iron. The jury found that the Branding Iron was negligent but that its negligence was not a substantial factor in causing appellant's injuries.

Appellant moved for judgment notwithstanding the verdict (JNOV) and for a new trial on the ground that the evidence was insufficient to support the verdict. The trial court denied both motions. Appellant filed his appeal from the orders denying the motions.

## DISCUSSION

**1.      *The trial court properly denied the motion for JNOV.***

The order denying the motion for JNOV is appealable.  (*Sweatman v. Department of Veterans Affairs* (2001) 25 Cal.4th 62, 68.)  "As in the trial court, the standard of review is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion."  (*Ibid.*)  Accordingly, on appeal, we view all of the evidence in the light most favorable to the judgment, drawing every reasonable inference and resolving every conflict to support the judgment.  We must accept as true all evidence and all reasonable inferences from the evidence tending to establish the correctness of the jury's findings.  Even if the jury's findings are against the weight of the evidence, so long as they are supported by evidence that is of ponderable legal significance, reasonable in nature, credible and of solid value, they must be upheld.  (*Jonkey v. Carignan Construction Co.* (2006) 139 Cal.App.4th 20, 24.)

Appellant argues that the only negligence theory before the jury was whether the Branding Iron's employees were negligent in handling the altercation involving appellant.  Therefore, appellant argues, in finding the Branding Iron was negligent, the jury must have concluded that Bakken and Morgan acted unreasonably when they intervened to break up the fight.

Appellant is incorrect.  In ruling on the Branding Iron's nonsuit motion, the court noted that appellant had proceeded on multiple negligence theories.  In addition to whether the Branding Iron employees acted reasonably under the circumstances, the court found appellant also presented evidence that the Branding Iron negligently trained and negligently supervised its employees and negligently understaffed the restaurant on the night of the incident.  Appellant's attorney did not disagree.  Therefore, the jury could have found the Branding Iron was negligent on one of these alternate theories.

There was no special finding on what negligence was found by the jury.  Under these circumstances, the jury's finding is tantamount to a general verdict.  Accordingly,

5.

the verdict will stand as long as one theory of negligence is lawfully rebutted for a lack of causation. (*David v. Hernandez* (2014) 226 Cal.App.4th 578, 586.)

To satisfy the causation element in a negligence action, the conduct at issue must have been a substantial factor in bringing about the injury, damage, loss or harm. (*Espinosa v. Little Co. of Mary Hospital* (1995) 31 Cal.App.4th 1304, 1314 (*Espinosa*).) While there is no judicially approved definition of what is a substantial factor, it seems to be something that is more than a slight, trivial, negligible or theoretical factor in producing a particular result. (*Ibid.*)

Causation is ultimately a matter of probability and common sense. The plaintiff is not required to eliminate all possibility that the defendant's conduct was not a cause. Rather, it is enough if a plaintiff introduces evidence from which a reasonable person can conclude that it is more probable that the event was caused by the defendant than that it was not. (*Espinosa, supra,* 31 Cal.App.4th at p. 1314.)

Here, for example, the jury could have found the Branding Iron negligently understaffed the restaurant in light of the number of patrons that night or negligently failed to train its employees on procedures to prevent or respond to fights. In each case, it would have been reasonable for the jury to conclude that the understaffing or lack of training was not a substantial factor in bringing about appellant's injuries. Considering the sudden escalation of the interaction between Angela and Misty into the fight between appellant and Seth, the jury could have determined that additional personnel or training would not have changed the outcome.

Further, even if the jury found that Bakken and Morgan were negligent in handling the fight, it does not necessarily follow that their conduct was a substantial factor in causing appellant's injuries. Contrary to appellant's position, Dr. Klein's testimony does not require finding the Branding Iron liable.

Appellant argues that Dr. Klein's testimony conclusively established that appellant's shoulder injury and knee injury were the result of the Branding Iron

6.

employees' actions. According to appellant, because Dr. Klein concluded that appellant's version of the facts was truthful, the jury was required to find the same. Dr. Klein explained he assumed that appellant was telling the truth and saw no reason for appellant to lie. Thus, appellant asserts, it is unrefuted that his knee was injured when Morgan kicked him and his shoulder was injured when Morgan grabbed his arm and pulled it back.

However, the jury was not compelled to believe appellant's version of the facts simply because Dr. Klein did. Rather, evidence was presented that contradicted appellant's testimony. Bakken and Morgan denied kicking appellant or pulling back his arm. Further, Souza testified she saw appellant fall on a table after punching Seth and saw a third person pull appellant up off the floor by his arm. Dr. Klein conceded that appellant's falling on a table or being pulled up by his arm could have caused the shoulder injury. Thus, the jury could have concluded that the bartenders' actions when intervening in the fight were not a substantial factor in causing appellant's injuries.

In sum, the jury could have found that the Branding Iron was negligent for a reason other than the employees' actions during the fight and that this negligence was not a cause of appellant's injuries. Alternatively, based on the evidence presented, the jury could have reasonably concluded that the employees' actions, while negligent, did not cause appellant's injuries. Rather, the jury could have found that the injuries were caused by appellant's own actions or by the actions of nonemployees. Therefore, viewing the evidence in the light most favorable to the judgment, drawing every reasonable inference and resolving every conflict to support the judgment, substantial evidence supports the trial court's denial of appellant's JNOV motion.

## 2. *The motion for new trial was properly denied.*

The Branding Iron argues that the trial court's ruling on the motion for new trial is not before us because appellant appealed from the order denying that motion, a nonappealable order, rather than from the judgment. Appellant responds that he intended

7.

to appeal from the judgment and thus we should treat the appeal as being from the judgment.  However, we need not decide this issue.  Appellant's challenges to both rulings are identical.  Since the JNOV appeal fails, the new trial motion appeal also fails.

## DISPOSITION

The orders are affirmed.  Respondent is awarded its costs on appeal.


_____

LEVY, Acting P.J.

WE CONCUR:


_____

KANE, J.


_____

POOCHIGIAN, J.

8.